**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BROWN, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, a foreign corporation; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; GREEN TREE SERVICING LLC, a foreign limited liability company; and BANK OF AMERICA, N.A., a foreign limited partnership and as successor to COUNTRYWIDE BANK, FSB.<br><br>            Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff, David Brown (hereinafter "Plaintiff") by and through counsel, and for his complaint against Trans Union LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Green Tree Servicing LLC and Bank of America, N.A. for itself and as successor to Countrywide Bank, FSB (hereinafter collectively referred to as "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act) and 12 U.S.C. § 2605 (the Real Estate Settlement Procedures Act).

**JURISDICTION**

2.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p), 12 U.S.C. § 2614 and 28 U.S.C. § 1367.   Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

3.     This action also arises out of claims arising under the common law of the State of Nevada. These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

4.     Plaintiff is a natural person residing in the State of Nevada.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.     Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

6.     Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

7.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

8.     Upon information and belief, Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

9.     Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

10.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11.     Upon information and belief, Defendant Experian Information Solutions Inc., (hereinafter "Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

12.     Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

13.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

14.     Upon information and belief, Defendant Green Tree Servicing LLC (hereinafter "Green Tree") is a foreign limited liability company, conducting business in the State of Nevada.

15.     Upon information and Belief, Defendant Green Tree is a furnisher of information as that term is defined in 15 U.S.C. § 1681, *et seq.*

16.     Upon information and belief, Defendant Bank of America, N.A. (hereinafter "Bank of America") is a foreign limited partnership conducting business in the State of Nevada.

17.     Upon information and belief, Bank of America is a national bank, authorized to do business in the State of Nevada.

18.     In or around April 2009, Bank of America acquired and is the successor to Countrywide Bank, FSB.[1]

**FACTUAL ALLEGATIONS**

19.     Plaintiff is the owner of residential real property located at 1011 Morning Sun Way, Las Vegas, NV 89110 (the "Subject Property").

20.     On June 16, 2007, Plaintiff signed a Note with Defendant Countrywide.  The Note was in junior position and was secured by real property – the Subject Property.

21.     Prior to signing the Note, Plaintiff engaged in significant discussion with Countrywide regarding a potential prepayment penalty.  The initial loan documents presented to Plaintiff contained a prepayment penalty. Plaintiff was adamant that he would not sign the Note if there was a prepayment penalty.  Plaintiff explained to Countrywide's representative that he planned to pay off the Note early as the junior mortgage was being used to fund a business

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

---

[1] For clarity, reference to acts, or lack thereof, taken by Countrywide Bank, FSB prior to its merger with Bank of America, will be referenced as "Countrywide."

1  expansion.   Eventually, Countrywide's employee agreed to remove the prepayment penalty

2  provision from the Note.

3      22.   On June 16, 2007, when Plaintiff signed the Note the prepayment penalty

4  language at issue herein was not included in any of the documents.

5      23.   The second mortgage on the Subject Property, which was originated with

6  Countrywide and initially serviced by Countrywide, was later transferred to Bank of America.

7      24.   On April 7, 2011, Plaintiff received correspondence from Bank of America and

8  Green Tree.   This correspondence advised Plaintiff that effective May 1, 2011, Green Tree

9  would begin accepting payments and sending billing statements for Plaintiff's second mortgage.

10  In other words, Green Tree would begin servicing Plaintiff's second mortgage.   Said

11  correspondence also advised Plaintiff that Bank of America would continue to accept loan

12  payments until April 30, 2011.   The principal balance stated on the April 7 correspondence was

13  $10,383.75.

14      25.   On April 28, 2011, Plaintiff went to a local Bank of America branch to inquire as

15  to a pay off amount to fully satisfy the second mortgage on the subject property.   Plaintiff spoke

16  with a Bank of America employee who advised Plaintiff if he paid the sum of $10,435.53, he

17  would have a $0 balance on his second mortgage.   This sum accounted for accrued interest

18  through April 28, 2011.   On that same day, April 28, 2011, Plaintiff did in fact write a check

19  payable to Bank of America in the amount of $10,435.53 to fully satisfy the second mortgage.

20      26.   Starting in May 2011, Green Tree began sending Plaintiff inaccurate and

21  conflicting billing statements:

22      a.   On a bill dated May 12, 2011, Green Tree alleged Plaintiff had a principal

23      balance of $8,610.85 on the subject loan.

24      b.   On May 19, 2011, Green Tree sent Plaintiff correspondence stating:

25      "[Green Tree"] received a payoff for the above-referenced account on 5/12/2011.

26      Unfortunately, the funds received did not satisfy the total payoff amount.   The

27      payoff balance of $13,417.17 is good through 06/03/2011…"

28

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

c.      On May 20, 2011, Green Tree sent Plaintiff correspondence stating: "[Green Tree"] received a payoff for the above-referenced account on 5/12/2011. Unfortunately, the funds received did not satisfy the total payoff amount. The payoff balance of $9,553.42 is good through 06/04/2011…"

d.      On a bill dated June 6, 2011, Green Tree alleged Plaintiff had a principal balance of $4,762.22 on the subject loan.

e.      On August 1, 2011, Green Tree sent Plaintiff correspondence titled "Notification of Availability of Homeownership Counseling." The past due amount was now $4,913.91 with late fees of $91.67.

f.      On August 5, 2011, Green Tree sent Plaintiff correspondence titled "Notice of Default and Right to Cure Default." The reason for the alleged default was "Failure to submit your monthly payments due 06/01/2011 through 08/01/2011." To cure the alleged default Green Tree demanded payment of $4,913.91.

27.     During the above time frame, Plaintiff made numerous calls to Green Tree attempting to get clarity on: (1) why he was receiving mortgage statements when the account had been satisfied in full; and (2) why there were such great discrepancies in the amounts allegedly owed. Green Tree failed to provide any adequate explanation to Plaintiff's inquiries.

28.     On August 16, 2011, Plaintiff sent correspondence to Green Tree which again advised Green Tree the loan was paid in full and requested "verification" of any monies allegedly owed on the account. To date, Plaintiff had not received any "proof of any money owed."

29.     On August 19, 2011, Green Tree responded to Plaintiff's request for verification of any monies allegedly owed. Green Tree simply mailed Plaintiff a copy of his note for the second mortgage on the Subject Property. Green Tree also sent additional correspondence to Plaintiff with a payment history on the subject account. The payment history was unclear and did not include any balances owed by Plaintiff.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

30.     On September 9, 2011, Green Tree again sent Plaintiff correspondence with a copy of note for the second mortgage on the Subject Property.  The new payoff amount for the loan was $5,705.96 which included "PPP Fees" in the amount of $734.29.  This correspondence, however, also included information about a "prepayment penalty addendum." Plaintiff was previously unaware of the existence of a prepayment penalty.  As discussed above, Plaintiff was adamant there be no prepayment penalty and there was no prepayment penalty in any of the documents in or attached to the Note, when Plaintiff signed the Note.

31.     The Note sent by Green Tree contained a page outlining, in a confusing manner, the terms of a prepayment penalty, which was allegedly a part of the Note.  Further supporting Plaintiff's position that the prepayment penalty was not part of the loan documents signed by Plaintiff is the peculiar location and page on which the prepayment penalty language is set forth.

32.     Upon signing the Note, Plaintiff was provided with page 1 and page 3 of the prepayment penalty addendum.  Plaintiff was aware that page 2 was missing at the time he signed the documents, but was assured it was missing because of his agreement with Countrywide's representative that there would not be a prepayment penalty.  Green Tree's September 9 correspondence, however, was the first time Plaintiff saw page 2 of the prepayment penalty.  Page 2 of the prepayment penalty addendum contains the actual prepayment penalty and upon information and belief, was placed on a separate page and omitted from the documents Plaintiff signed, in an effort to defraud Plaintiff.

33.     The prepayment penalty addendum in the note, on page 2, stated:

If I make a full prepayment, the Note Holder may charge me for the privilege of prepayment if I prepay the loan in the first 60 months after the date of the loan. The prepayment penalty shall be an amount equal to six months advance interest on the amount of the prepayment, when added to all other partial prepayments during the twelve-month period immediately preceding the date of the full prepayment, exceeds 20% of the original principal amount of this Note.

34.     As previously mentioned, on April 28, 2011 Bank of America assured Plaintiff he paid the entirety of the monies owed on the second mortgage on the Subject Property.  If Plaintiff owed additional monies due to this pre-payment clause, which he is adamant he does not, Bank

of America failed to advise Plaintiff of such and its representation to Plaintiff the note was paid in full was inaccurate.

35.    Plaintiff made numerous attempts to contact Green Tree to ascertain the exact amount of monies he allegedly owed.  It was clear to Plaintiff that he did not owe $1,000's of dollars as Green Tree was alleging.  The prepayment penalty, while unclear, amounted to six (6) months of interest payments on the original note, at most.  The original note was for $203,984.00 with an interest rate of 7%.

36.    On a bill dated October 6, 2011, Green Tree alleged Plaintiff had a principal balance of $8.79 on the subject loan with $207.19 in late fees due and owing.  Plaintiff did not and has never submitted any monies to Green Tree.  Again, this extreme discrepancy in the amount of monies owed by Plaintiff was never explained, notwithstanding Plaintiff's numerous attempts to receive an explanation.

37.    On February 20, 2012, Green Tree sent Plaintiff correspondence titled "Notice of Default and Right to Cure Default."  The reason for the alleged default was "Failure to submit your monthly payments due 06/01/2011 through 06/01/2011." To cure the alleged default Green Tree now demanded payment of $216.47.  The decrease of $1,000's of dollars of monies allegedly owed by Plaintiff was never explained by Green Tree.

38.    In or around August 2012, after placing a $50,000 earnest money deposit on residential real property, Plaintiff realized there was inaccurate information on his credit report which was furnished by Green Tree.  Green Tree never should have furnished any information to the credit reporting agencies as Plaintiff's loan balance was paid in full before Green Tree acquired servicing rights on the subject loan. Green Tree, however, not only submitted information to the credit reporting agencies regarding Plaintiff, it submitted inaccurate information. Plaintiff disputed the inaccurate information furnished by Green Tree to Equifax, Experian and Trans Union.

39.    Specifically, Plaintiff disputed the existence of the derogatory information being furnished by Green Tree and reported by Experian which included, but not limited to, inaccurate

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

late payment notations, the alleged debt was "charged off", the account was reporting as "open" and the balance of the account.

### Credit Report Disputes

40.     Upon information and belief, Defendant Green Tree reported the above-referenced inaccurate information on Plaintiff's credit report to Trans Union, Equifax and Experian.

41.     Plaintiff disputed the accuracy of the information furnished by Green Tree to Experian, with Experian, on numerous occasions from September 2012 through June 2013.

42.     Plaintiff disputed the accuracy of the information furnished by Green Tree to Trans Union, with Trans Union, on numerous occasions from September 2012 through June 2013.

43.     Plaintiff disputed the accuracy of the information furnished by Green Tree to Equifax, with Equifax, on numerous occasions from September 2012 through June 2013.

44.     Trans Union, Experian and Equifax all failed to correct the inaccuracies in Plaintiff's credit report of which Plaintiff disputed.

45.     Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Green Tree's representations.

46.     In the alternative to the allegation that Trans Union failed to contact Green Tree, it is alleged that Trans Union did forward some notice of the dispute to Green Tree and Green Tree failed to conduct a lawful investigation.

47.     Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Green Tree's representations.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

48.     In the alternative to the allegation that Experian failed to contact Green Tree, it is alleged that Experian did forward some notice of the dispute to Green Tree and Green Tree failed to conduct a lawful investigation.

49.     Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Green Tree's representations.

50.     In the alternative to the allegation that Equifax failed to contact Green Tree, it is alleged that Equifax did forward some notice of the dispute to Green Tree and Green Tree failed to conduct a lawful investigation.

51.     In or around August 2012, Plaintiff sought to refinance a loan on residential property with an approximate loan balance of $600,000.00 at an interest rate of 12%.  During the interim of Defendants' actions or lack thereof Plaintiff has incurred significant damages due to the inability to refinance the above-mentioned loan.

### FIRST CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Trans Union)

52.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

53.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.     As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

55.     Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

56.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## SECOND CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Trans Union)

57.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

58.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Green Tree; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

59.     As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

60.     Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

61.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Experian)

62.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

63.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

64.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

65.     Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

66.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**FOURTH CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681i against Experian)**

67.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

68.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Green Tree; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

69.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70.     Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

/ / /

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Equifax)**

72.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

73.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

75.     Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

**SIXTH CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681i against Equifax)**

77.     Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

78.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Green Tree; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

79.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

1    80.    Equifax's conduct, action and inaction was willful, rendering it liable for actual or

2   statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

3   15 U.S.C. § 1681o.

4    81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount

5   to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

6                              **SEVENTH CLAIM FOR RELIEF**

7                **(Violation of 15 U.S.C. § 1681s-2(b) against Green Tree)**

8    82.    Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set

9   forth herein.

10    83.    Green Tree violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by

11   continuing to report the false representation within Plaintiff's credit file with Trans Union,

12   Equifax and Experian by failing to fully and properly investigate Plaintiff's dispute of Green

13   Tree's representation; by failing to review all relevant information regarding same; by failing to

14   accurately respond to Trans Union, Equifax and Experian; by failing to correctly report results of

15   an accurate investigation to every other credit reporting agency; and by failing to permanently

16   and lawfully correct its own internal records to prevent the re-reporting of their representations to

17   the consumer reporting agencies.

18    84.    As a result of this conduct, action and inaction of Green Tree, Plaintiff suffered

19   damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental

20   and emotional pain, anguish, humiliation, and embarrassment of credit denials.

21    85.    Green Tree's conduct, action and inaction was willful, rendering it liable for

22   actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to

23   15 U.S.C. § 1681n.   In the alternative, it was negligent entitling Plaintiff to recover actual

24   damages under 15 U.S.C. 1681o.

25    86.    Plaintiff is entitled to recover costs and attorney's fees from Green Tree in an

26   amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

27   / / /

28   / / /

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

**EIGHTH CLAIM FOR RELIEF**

**(Negligence against Green Tree)**

87.	Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

88.	Green Tree had a duty to Plaintiff to ensure the billing statements it sent Plaintiff were accurate and up to date.  Green Tree also had a duty to respond to Plaintiff's inquiries and provide a reasonable explanation of the monies allegedly owed and how they were calculated.

89.	By sending Plaintiff bills for the subject mortgage that varied by thousands of dollars without explanation when Plaintiff had paid the mortgage balance in full, it was foreseeable that Plaintiff would not submit payment to Green Tree.

90.	Green Tree was negligent and careless by: (1) failing to exercise reasonable care in the preparation of mailing inaccurate billing statements to Plaintiff and (2) possession knowledge, as relayed by Plaintiff, the billing information was incorrect and failing to correct the incorrect information.

91.	As a direct and proximate result of Green Tree's negligence, Plaintiff did not submit any monies to Green Tree allegedly owed under the second mortgage.

92.	As a direct and proximate result of Green Tree's negligence Plaintiff has been unable to refinance his mortgage and sustained damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

93.	Plaintiff has been required to retain the services of an attorney, incurred costs, and is entitled to recover those fees, costs, and interest.

**NINTH CLAIM FOR RELIEF**

**(Violation of Real Estate Settlement Procedures Act against Green Tree)**

94.	Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

95.	On August 16, 2011, Plaintiff sent Green Tree a "qualified written request" as that term is defined under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments on his mortgage account.  In the qualified

written request, Plaintiff specified his reasons for belief that the account was not in default and requested Green Tree correct the error.  Plaintiff also requested Green Tree provide him with information and documentation supporting its claim that Plaintiff's account was in default.

96.    Green Tree violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to Plaintiff's account in response to the qualified written request, including the crediting of any late charges or penalties and failing to transmit written notice of such corrections to Plaintiff no later than 60 days after receipt of Plaintiff's qualified written request.

97.    Green Tree violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its collection efforts and foreclosure proceedings after receiving Plaintiff's qualified written request.

98.    Upon information and belief, Green Tree violated RESPA, 12 U.S.C. § 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiff that were related to his qualified written request.

99.    Green Tree has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## TENTH CLAIM FOR RELIEF

### (Negligence against Bank of America)

100.    Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

101.    Bank of America had a duty to Plaintiff to ensure the information they gave to Green Tree, regarding Plaintiff, was accurate and up to date.  Bank of America also had a duty to Plaintiff to advise him of an accurate and current pay-off date.

102.    By providing Green Tree with inaccurate information about Plaintiff's loan after advising Plaintiff the loan was paid in full it was reasonably foreseeable that Plaintiff would not make any further payments on the loan to Green Tree.

103.    Bank of America was negligent and careless by: (1) providing inaccurate information to Green Tree; (2) failing to remedy the inaccurate information and (3) advising

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

Plaintiff the account was paid in full and thereafter providing information to the contrary to Green Tree.

104.    As a direct and proximate result of Bank of America's negligence, Plaintiff did not submit any monies to Bank of America allegedly owed under the second mortgage.

105.    As a direct and proximate result of Bank of America's negligence Plaintiff has been unable to refinance his mortgage and sustained damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

106.    Plaintiff has been required to retain the services of an attorney, incurred costs, and is entitled to recover those fees, costs, and interest.

## ELEVENTH CLAIM FOR RELIEF

### (Intentional Misrepresentation against Bank of America as Successor to Countrywide Bank, FSB)

107.    Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

108.    Countrywide falsely represented to Plaintiff in oral conversations that there would be no pre-payment penalty as part of the mortgage loan made in June 2007.

109.    When Countrywide made the above-statements, it knew those statements to be false.  Alternatively, Countrywide had an insufficient basis of information for making the representation.

110.    Additionally, Countrywide intentionally omitted the page of the pre-payment penalty that actually set forth the "pre-payment penalty" at the time Plaintiff executed the mortgage documents.

111.    When Countrywide omitted certain pages of the mortgage loan, Countrywide knew it was intentionally acting in a manner which resulted in a false representation to Plaintiff.

112.    Countrywide's misrepresentations were intended to induce Plaintiff to sign the mortgage documents.  Countrywide was aware Plaintiff would not sign the loan documents if there was a pre-payment penalty.  Plaintiff made clear to Countrywide the purpose of the second

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

1    mortgage was to fund a business expansion and that Plaintiff intended to pay off the loan as soon
2    as possible.

3         113.    At the time in which Countrywide made this loan, there was a high level of
4    competition within Countrywide to set records for loan production volume, revenue and profits.
5    Upon information and belief, Countrywide deliberately removed "checks and balances" within
6    its company, specifically it's underwriting department, in order to facilitate maximum production
7    of loans, without regard to the consequences or quality of said loans.

8         114.    Plaintiff justifiably relied upon Countrywide's fraudulent misrepresentations.

9         115.    As a direct and proximate result of Countrywide's intentional misrepresentations
10   and fraud, Plaintiff has suffered damages in excess of ten thousand dollars ($10,000.00).

11        116.    Countrywide's above-referenced acts were fraudulent, malicious, oppressive and
12   done with the intent to harm Plaintiff. Consequently, Plaintiff seeks an award of punitive
13   damages in an amount sufficient to punish and deter Countrywide from future conduct to the
14   detriment of consumers.

15   / / /
16   / / /
17   / / /
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

117.     Plaintiff has been forced to retain the services of an attorney to prosecute this matter and is entitled to reasonable costs and attorneys' fees incurred herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1.  Actual damages;

2.  Statutory damages;

3.  Punitive damages;

4.  Costs and reasonable attorneys' fees;

5.  A trial by jury; and

6.  For such other and further relief as the Court may deem just and proper.

Dated this 15th day of November, 2013.

**COGBURN LAW OFFICES**


By: s/ Larson A. Welsh, Esq.
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiff*

**COGBURN LAW OFFICES**
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936