# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

DAVID BROWN,

        Plaintiff,

vs.

TRANS UNION, LLC, *et al.*

        Defendants.

2:13–cv–2118–JCM–VCF

**ORDER**

      This matter involves David Brown's fraud action against Trans Union, LLC. Before the court is Defendant Bank of America's motion to stay (#31). Brown opposed (#35); and Bank of America replied (#37). For the reasons stated below, Bank of America's motion to stay is denied.

## BACKGROUND

      On June 16, 2007, David Brown borrowed $203,984.00 from Countrywide. (Compl. (#1) at ¶ 19). The loan contract's original terms contained a prepayment penalty provision. (*Id.* at ¶ 21). Brown alleges that he refused to sign the contract because it contained a prepayment penalty provision and, therefore, amended the loan contract—with Countrywide's assent—to remove the prepayment penalty provision. (*Id.* at ¶¶ 21–22).

      In the fall of 2007, Bank of America merged with Countrywide. (*See id.* at ¶ 23). Once Bank of America assumed Countrywide's rights and responsibilities under Brown's loan contract, Brown began receiving letters from Bank of America regarding the status of his loan. (*Id.* at ¶ 24). On April 28, 2011, Brown visited a local Bank of America, inquired how much he owned on the loan and was told that the

outstanding balance, including accrued interested through April 28, 2011, amounted to $10,435.53. (*Id.* at ¶ 25). Brown, then, pulled out his check book and executed a draft for $10,435.53. (*Id.*)

Despite the fact that Brown thought that he had paid off his loan, he continued to receive statements and bills from Bank of America. (*Id.* at ¶ 26). A series of communications were sent back and forth between Brown, Bank of America, and the loan servicer, Green Tree. (*Id.*) During this time, which was sometime during the fall of 2011, Brown learned that his loan contract had been treated as if the prepayment penalty provision was never removed from the contract. (*Id.*) Consequently, on November 15, 2013, Brown filed suit.

## LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*,

742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1).

Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)). The Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction).

Two published decisions in this district have held that a stay of discovery is not warranted simply because a dispositive motion is pending. *Twin City Fire Ins. v. Emp'r of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both opinions concluded that to establish good cause for a stay, the moving party must show more than that an apparently meritorious Rule 12(b)(6) motion to dismiss is pending in the litigation. *Id*. Instead, citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982), *Twin City* and *Turner* both ruled a district court "may . . . stay discovery when it is convinced that the Plaintiff will be unable to state a claim for relief." *Twin City*, 124 F .R.D. at 653; *Turner*, 175 F.R.D. at 555. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

The Northern and Eastern District courts of California have applied an analogous but somewhat different two-part test for evaluating whether and under what conditions discovery should be stayed. In *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10-cv-2630 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011), the court held that an underlying motion to dismiss must be potentially dispositive of the entire case, or at least dispositive on the issue on which discovery stay is sought. *Id*. Second, the court must determine whether the pending motion can be decided without additional discovery. *Id*. In applying this two-part test, the court evaluating the motion to stay must take a so-called "preliminary peek" at the merits of the underlying pending dispositive motion to assess whether a stay of discovery is warranted. If the party moving to stay satisfies both prongs of the *Mlejnecky* test, discovery may be stayed.

Similarly, a decision from the Central District of California has held that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Skellerup Indus. Ltd*. 163 F.R.D. at 601 (citing *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991)).

The issue of whether a motion to stay should be granted pending the resolution of a motion to dismiss was recently decided by the Honorable Peggy A. Leen, Magistrate Judge, in the case of *TradeBay*, 278 F.R.D. at 603, and the Honorable William G. Cobb, U.S. Magistrate Judge, in the case of *Money v. Banner Health*, No. 11-cv-800, 2012 WL 1190858, at *5 (D. Nev. April 9, 2012). Both Judge Leen and Judge Cobb were confronted with a similar request by the Defendant's motion to stay discovery pending the resolution of a motion to dismiss. *Id*. Both Judge Leen and Judge Cobb adopted the standard enunciated in *Twin City*, *Turner*, and *Olympus Imaging*, and concluded that a stay of discovery should be ordered only if, after taking a "preliminary peek" at the merits of the pending dispositive motion, the court is "convinced" that the Plaintiff will be unable to state a claim for relief. *Id*.

**DISCUSSION**

Bank of America argues that a stay is appropriate for five reasons: (1) the contract indisputably contains a prepayment penalty; (2) the economic loss doctrine bars Brown's tort claim; (3) the statute of limitations has run; (4) Brown's complaint does not satisfy Rule 9(b)'s particularity requirement; and (5) Brown allegedly failed to read the loan contract before signing it. The court disagrees.

First, it is not "indisputable" that the contract contained a prepayment penalty provision. The heart of Brown's complaint alleges that the contract was amended to remove the prepayment penalty provision but, nevertheless, Bank of America either fraudulently or negligently reinserted the prepayment penalty provision after the contract was executed. (*See* Compl. (#1) at 9–18). To support the contention that it is "indisputable" that the contract contained a prepayment penalty, Bank of America attached a copy of the contract to its motion to dismiss. (*See* Contract (#21-2) at Exhibit B). However, Bank of America failed to authenticate the exhibit. (*See id*).

Even if the exhibit were authenticated, it is unclear what the exhibit—standing alone—proves. On the one hand, the exhibit would support Bank of America's position that the contract contains a prepayment penalty provision, which is the only provision on page two. On the other hand, the exhibit would also support Brown's argument that the contract was fraudulently or negligently amended so that page two was reinserted without consideration or his assent. Therefore, the court is unpersuaded by Bank of America's argument that a stay should be imposed on the grounds that the terms of the contract are "undisputed."

Second, the court is unpersuaded by Bank of America's argument that a stay should be imposed because the economic loss doctrine bars Brown's tort claim. (Def.'s Mot. to Stay (#31) at 5:20). Even if the economic loss doctrine did bar Brown's tort claim, it would not bar his various statutory claims. As a result, the court is reluctant to predicate a stay of discovery on this argument because it would not stay

5

Brown's entire action. As discussed above, stays are appropriate where the issue raised by the motion to dismiss encompasses the entire action. *See TradeBay*, 278 F.R.D. at 600. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate includes the issues of jurisdiction, venue, or immunity. *Id*. In this case, issue raised by Bank of America—(i.e., the economic loss doctrine)—is not analogous to the issues of jurisdiction, venue, or immunity.

Third, the court is also unpersuaded by Bank of America's statute of limitations argument. Bank of America asserts that Brown's complaint is barred under N.R.S. § 11.190(4)(e)'s two-year statute of limitations because Brown discovered the alleged fraud on or about September 9, 2011, but failed to file suit until November 15, 2013. (Def.'s Mot. to Stay (#31) at 6:9–19). This argument is mistaken. N.R.S. § 11.190(4)(e) does not govern Brown's allegations. N.R.S. § 11.190(4)(e) applies to wrongful death actions. *See* N.R.S. § 11.190(4)(e); *see also Meadows v. Sheldon Pollack Corp.*, 92 Nev. 636, 637, 556 P.2d 546, 546 (1976) ("[Section] 11.190(4)(e) provides a two-year limitations period for personal injury claims.").

By contrast, N.R.S. § 11.190(3)(d) applies to actions for fraud or mistake. *Torrealba v. Kesmetis*, 124 Nev. 95, 104–05, 178 P.3d 716, 724 (2008) ("Because the nature of the Torrealbas' claim is one for fraud, we conclude that the three-year statute of limitations applicable to common-law fraud actions under NRS 11.190(3)(d) applies here. Therefore, the district court erred by applying NRS 11.190(4)(b)'s two-year statute of limitations."); *Navas v. Byron*, No. 56368, 2011 WL 2854015, at *1 (Nev. July 18, 2011) ("To the extent that appellant's motion for relief could be construed as a new fraud complaint, the district court correctly concluded that such a complaint was barred by the three-year statute of limitations. NRS 11.190(3)(d)."). Under this provision, "the cause of action . . . shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.R.S.

§ 11.190(3)(d). Here, Brown discovered the fraud sometime in the fall of 2011 and filed suit in November 2013. This was well-within the period of limitations.

Fourth, the court is unpersuaded by Bank of America's argument that Brown's complaint does not satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement. Bank of America argues that Brown's complaint fails to satisfy this standard because Brown does not know the name of the employee who allegedly amended the contract. (Def.'s Mot. to Stay (#31) at 7:2). Rule 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*.

Brown satisfied this standard. His complaint states the date and subject matter of the disputed contract. It details the circumstances surrounding the contract's negotiations, amendment, and execution. Additionally, the complaint details Brown's communications regarding the prepayment penalty provision with Countrywide, Bank of America, and Green Tree. These allegations are sufficient to put Bank of America on notice regarding the alleged fraud.

Fifth, the court is unpersuaded by Bank of America's argument that a stay is appropriate because Brown allegedly failed to read the loan contract before signing it. (Def.'s Mot. to Stay (#31) at 7:12–13). Based on the allegations of the complaint, this argument is factually incorrect. Brown alleges that he and a Countrywide employee re-negotiated the contract (*see* Compl. (#1) at ¶ 21), that Brown read the contract before signing it (*see id*. at ¶ 22) ("On June 16, 2007, when Plaintiff signed the Note the prepayment penalty language at issue herein was not included in any of the documents."), and that the

contract did not contain the prepayment penalty provision (*id.*). Brown's complaint does not merely allege, as Bank of America represents, that "a Countrywide employee told [Brown] that he would have no prepayment penalty." (Def.'s Mot. to Stay (#31) at 7:12–13). Rather, it alleges that when the contract was executed no prepayment penalty existed in the contract.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bank of America's motion to stay (#31) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE